HOUSTON, Justice
(dissenting).
While I join Justice Maddox’s dissent, I also choose to write specially.
Alabama Code 1975, § 6-3-5, applies to all corporations that issue policies or certificates of insurance of any kind. The defendants in these actions are corporations that issue policies or certificates of insurance. Under § 6-3-5, these defendants are “subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides.” Therefore, the proper venue for these contract actions must be determined by looking to § 6-3-5. The contract actions must be brought in the county where the holder of the policy resides. Insofar as the tort actions are concerned, Ala. Code 1975, § 6-3-7, applies; it provides that “all actions against a ... corporation for personal injuries must be commenced in the county where the injury occurred or the county where the plaintiff resides.”[14] None of the injuries occurred in Macon County and none of the plaintiffs reside in Macon County; therefore, the trial court correctly ruled that Macon County was not a proper venue for these actions. However, the trial court erred in transferring these actions to Shelby County, where, likewise, none of the plaintiffs resides and none of the injuries occurred. I would issue the writ and vacate the trial court’s order transferring these actions to Shelby County, and I would instruct the trial court to transfer these actions to the counties in which the plaintiffs reside. The petition states that the following plaintiffs reside in Elmore County: Mary L. Gauntt; Rosa O. Brown; Ola Mae Henderson; Dorothy J. Mays; Katherine Adams; Loretta *223 Gilder; Catherine Talley; Nellie Rogers; Artis Rogers; Shirley Williams; Don Gnary; and Bonnie Guary. The petition states that the following plaintiffs reside in Montgomery County: Alberta Harmon; Betsy Dorsey; Fannie Dorsey; Louise Bell Artis; Pauline Ellis; Vickie D. Johnson; Patricia Ann Knight; and Eleanor B. Wilson. The petition also indicates that the plaintiffs Anita Simon Walker and Nell Simon Dennis reside in Chilton County and that the plaintiff Pearl Gauntt resides in Tallapoosa County.
HOOPER, C.J., and MADDOX, J., concur.

. Although § 6-3-7 reads "domestic corporation,” Amendment No. 473 to the Constitution o£ Alabama of 1901, which was proclaimed ratified on April 1, 1988 (Proclamation Register No. 6, p. 39), provides, in pertinent part: "Any foreign corporation ... may be sued only in those counties where such suit would be allowed if said foreign corporation were a domestic corporation.” Therefore, the quoted provision of § 6-3-7 applies to all corporations.